FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 SEP -5 P 2: 43
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 308-001 |
| | ) | |
| THEDY DONEEN MCLEOD | ) | |

### ORDER

Before the Court are the various pre-trial and discovery motions filed by Defendant Thedy Doneen McLeod.[1] The United States of America, by and through its attorney, Edmund A. Booth, Jr., United States Attorney, and Darrin L. McCullough, Assistant United States Attorney, has filed a combined response to these motions.[2]

Although Defendant did not file a specific motion for discovery in this set of motions, the government states that it has provided "open file" discovery to Defendant in this case. The government states that it provided Defendant with investigative reports, reports of laboratory analysis, and other documentary materials relevant to this case (attorney and agent

---

[1] Defendant McLeod previously filed other pre-trial and discovery motions, (doc. nos. 179-82), upon which the Court has already ruled. (Doc. nos. 271, 377).

[2] The government responded to the previous round of motions filed in this case. (Doc. no. 316). As of the date of the entry of this Order, the time to respond to the current round of motions filed had not yet expired. Nevertheless, given that the Honorable Dudley H. Bowen, Jr., United States District Judge, is holding a status conference in this case on Monday, September 8, 2008, the Court will rule on Defendant's motions on the basis of the information provided by the government in response to similar motions previously filed in this case. Of course, as noted elsewhere in this Order, counsel will have an opportunity to raise any existing disputes or unresolved items that are not addressed herein.

work product excepted). Reports of any statements made by Defendant and reports on any searches and seizures conducted during the investigation, as well as Defendant's criminal history, have also been provided. In any event, the Court finds that the position of the United States Attorney in permitting full disclosure of the government's file pertaining to this case would render any such specific motion for discovery **MOOT**.

However, to ensure that there are no outstanding discovery requests, the Court hereby requires counsel for Defendant to submit not later than five (5) days from the date of this Order a written statement describing existing disputes or unresolved items, if any, that have not been specifically addressed elsewhere in this Order. The statement should detail the specific items sought and should include a memorandum of law.

Defense counsel is reminded that dissemination of discovery material beyond that necessary to the preparation of the defense is prohibited by Loc. Crim. R. 16.1.

Any discovery material turned over to Defendant shall be maintained by Defendant and not further disseminated. <u>Failure to comply with the terms of this Order may result in contempt proceedings</u>.

## MOTION TO PRESERVE EVIDENCE, AGENTS' ROUGH NOTES, REPORTS, MEMORANDA AND TAPE RECORDINGS

Defendant filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 415). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that

2

among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

## MOTION TO INSPECT, EXAMINE, AND TEST PHYSICAL EVIDENCE

Defendant filed a motion to inspect, examine, and test physical evidence. (Doc. no. 416). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

## MOTION FOR LIST OF GOVERNMENT WITNESSES

Defendant filed a motion requesting that the government be ordered to furnish a complete list of witnesses. In non-capital cases such as this case, a defendant is generally not entitled to a list of government witnesses. United States v. Massell, 823 F.2d 1503, 1509 (11th Cir. 1987); United States v. Johnson, 713 F.2d 654, 659 (11th Cir. 1983); United States v. Colson, 662 F.2d 1389, 1391 (11th Cir. 1981). However, as a practical matter, it would appear that Defendant will be receiving much of this information because of the government's liberal discovery policy and because of the government's obligation to disclose material pursuant to the Jencks Act and/or Brady v. Maryland, 373 U.S. 83 (1963). This, in essence, moots Defendant's request. While this Court retains the right to exercise its discretion in permitting Defendant to have access to a list of government witnesses, at most the government would be required to comply with this request not more than ten (10) days prior to trial. Therefore, this motion is **DENIED**. (Doc. no. 417).

## MOTION FOR NOTICE BY THE GOVERNMENT OF ITS INTENTION TO USE EVIDENCE ARGUABLY SUBJECT TO SUPPRESSION

Defendant filed this motion to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which Defendant is entitled to discover under the Federal Rules of Criminal Procedure. Defendant seeks an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. Rule 12 of the Federal Rules of Criminal Procedure is not a discovery Rule. Furthermore, the Rule's purpose is limited to providing notice of discoverable evidence that a defendant may wish to suppress. To require the government to give notice of all the

4

evidence to be used in the case would bring the government's investigation to an end. The government's response indicates that it is providing "open file" discovery including documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise.

It must be remembered that pursuant to Rule 12(b)(4)(B), "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." It is clear that what the government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions, all of which may be subject to suppression upon motion by Defendant. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial. The government's "open file" discovery policy in this case addresses all these concerns. The government is reminded that its duty to disclose is a continuing one, and any "arguably" suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable. Accordingly, Defendant's motion is **MOOT**. (Doc. no. 418).

SO ORDERED this 5th day of September, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE